# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELISSA M. HEREFORD, | DOCKET NUMBER |
| Appellant, | AT-0432-19-0677-B-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: March 13, 2026 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Melissa M. Hereford</u>, Marietta, Georgia, pro se.

<u>David R. Daniels</u>, Esquire, <u>Rodrick McGill</u>, Esquire, and
   <u>Shanna Lyn G. Douglas</u>, Alexandria, Virginia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the remand initial decision, which dismissed her removal appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed a Board appeal challenging her removal for unacceptable performance under 5 U.S.C. chapter 43. *Hereford v. Department of Defense*, MSPB Docket No. AT-0432-19-0677-I-1, Initial Appeal File (IAF), Tab 1. After holding a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 35, Initial Decision (ID). During the pendency of the appellant's petition for review, the U.S. Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), which found that, in addition to the elements set forth in the initial decision, the agency must also prove by substantial evidence that an employee's performance was unacceptable prior to the institution of a performance improvement plan (PIP). Accordingly, on August 2, 2024, the Board issued a Remand Order, directing the administrative judge to allow the parties to submit evidence or argument concerning whether the appellant's placement on the PIP was proper, and to make new findings regarding the appellant's affirmative defenses in consideration of the pre-PIP evidence. *Hereford v. Department of Defense*, MSPB Docket No. AT-0432-19-0677-I-1, Remand Order, 5-7 (Aug. 2, 2024).

On August 12, 2024, the administrative judge issued an Acknowledgment Order scheduling a telephonic status conference for August 21, 2024. *Hereford v. Department of Defense*, MSPB Docket No. AT-0432-19-0677-B-1, Remand Appeal File (RAF), Tab 2. The appellant did not attend the August 21, 2024 status conference, and the administrative judge issued an order rescheduling the conference to September 3, 2024. RAF, Tab 5. The administrative judge also advised the appellant that if she failed to appear for the rescheduled status

conference, or failed to follow any Board order, he may impose sanctions, up to and including a dismissal for failure to prosecute. *Id*.

The appellant attended the September 3, 2024 rescheduled status conference, confirming that she did not want a supplemental hearing. RAF, Tab 6 at 1. Accordingly, the administrative judge issued a close of record order, advising the parties that all argument and evidence must be submitted by September 30, 2024, and scheduling a close of record conference for September 19, 2024. *Id*. The appellant did not appear for the close of record conference, and that same day, on September 19, 2024, the administrative judge issued a remand initial decision dismissing the appeal for failure to prosecute. RAF, Tab 8, Remand Initial Decision (RID) at 1-3.

The appellant has filed a petition for review, arguing that she had "mental conditions" that impacted her ability to keep appointments, and that the administrative judge should not have dismissed her appeal because she appeared at the September 3, 2024 status conference. Petition for Review (PFR) File, Tab 1 at 3-4. The agency filed a response to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party does not prosecute or defend an appeal, as necessary to serve the needs of justice. *Gordon v. Department of the Air Force*, 104 M.S.P.R. 358, ¶ 4 (2006); 5 C.F.R § 1201.43(b). Such a severe sanction should be imposed only if a party has not exercised basic due diligence in complying with the Board's orders or has exhibited negligence or bad faith in its efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 7-8 (2011). Additionally, an appeal should not be dismissed with prejudice for failure to prosecute when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal. *Chandler v. Department of the*

*Navy*, 87 M.S.P.R. 369, ¶ 8 (2000). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of dismissal for failure to prosecute. *Williams*, 116 M.S.P.R. 377, ¶ 7.

Here, we find that the administrative judge abused his discretion. Although the appellant did not appear for the August 21, 2024 status conference, she did appear for the September 3, 2024 status conference, thus complying with the administrative judge's rescheduling order. RAF, Tabs 5-6. Additionally, the administrative judge dismissed the appeal without providing the appellant with an opportunity to address her failure to appear for the close of record conference, even though the appellant had recently attended the rescheduled status conference, thus evidencing a desire to pursue her appeal. RID at 1-3; RAF, Tab 6 at 1. She also timely filed a petition for review, further demonstrating her interest in pursuing this appeal. PFR File, Tab 1; *see Reggans v. U.S. Postal Service*, 3 M.S.P.R. 260, 262 (1980) (finding that an appellant filing a timely petition for review indicates that she did not intend to abandon her appeal).

Therefore, we find that the appellant did not intend to abandon her appeal, nor has she exhibited negligence or bad faith in her efforts to comply. *Williams*, 116 M.S.P.R. 377, ¶ 7; *Chandler*, 87 M.S.P.R. 369, ¶ 8. Accordingly, under these circumstances, we find that the sanction of dismissal for failure to prosecute is too severe.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.